UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                             Plaintiff,

  -against-                                    Case No. 18-cv-9812 (AJN)

DEBT RESOLVE, INC.; HUTTON VENTURES, LLC;
PROGRESS ADVOCATES, LLC; PROGRESS
ADVOCATES GROUP, LLC; STUDENT ADVOCATES,
LLC; STUDENT ADVOCATES GROUP, LLC; STUDENT
ADVOCATES TEAM, LLC; STUDENT LOAN CARE, LLC;
STUDENT LOAN SUPPORT LLC; EQUITABLE
ACCEPTANCE CORPORATION; BRUCE BELLMARE; and
STANLEY E. FREIMUTH,

                             Defendants.
------------------------------------------------------------------------X

# THE NYAG'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS PROGRESS ADVOCATES, LLC AND STUDENT LOAN CARE, LLC'S SECOND MOTION TO DISMISS

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    28 Liberty Street
                                    New York, New York 10005

Of Counsel:

JANE M. AZIA, Bureau Chief
LAURA J. LEVINE, Deputy Bureau Chief
MELVIN GOLDBERG, Assistant Attorney General
STEWART DEARING, Assistant Attorney General
ELIZABETH M. LYNCH, Assistant Attorney General

The New York Attorney General ("NYAG"), on behalf of Plaintiff People of the State of New York, submits this surreply brief in response to Defendants Progress Advocates, LLC ("Progress Advocates") and Student Loan Care, LLC ("Student Loan Care") (collectively "Moving Defendants") reply memorandum in support of its second motion to dismiss the complaint ("Reply"), *see* ECF No. 79.

## **INTRODUCTION**

For the first time in its Reply, Moving Defendants argue that some of the damages the NYAG seeks for fraud under Executive Law § 63(12) are barred by a three-year statute of limitations. *See* Reply at 2. Moving Defendants contend that where Executive Law § 63(12) claims are premised on deception, and not common law or equitable fraud, the NYAG is limited by a three-year statute of limitations. *Id.* This argument should be dismissed for several reasons. It is premature because the Second Amended Complaint alleges copious misconduct within that three-year period. It is inapplicable to Student Loan Care, which has only been in existence since April 2016. Finally, even under Moving Defendants' view of the applicable limitations period, tolling agreements between NYAG and the Moving Defendants, which Moving Defendants did not disclose to the Court, tolled the statute of limitations for the NYAG's Executive Law § 63(12) claims by two and a half years, permitting the NYAG to bring claims back to March 20, 2013.[1] *See* Declaration of Melvin Goldberg ("Goldberg Decl.") ¶ 4, 5, Exs. 1-2.

---

[1] In addition to tolling the statute of limitations for all of the NYAG's claims brought under Executive Law § 63(12), the tolling agreements also tolled the statute of limitations for General Business Law §§ 349 and 350. *See* Goldberg Decl, Exs. 1-2. However, Moving Defendants only raise the statute of limitations regarding Count One (Executive Law § 63(12) Fraud). As a result, this surreply is limited to the statute of limitations as it pertains to Count One.

## PROCEDURAL BACKGROUND

This case was filed in New York Supreme Court on September 20, 2018, and removed to this Court on October 24, 2018. *See* Notice of Removal, ECF No. 1. During the NYAG's investigation of Moving Defendants prior to filing its complaint, Defendant Debt Resolve, Inc. ("Debt Resolve") entered into two tolling agreements for itself and for its subsidiaries. *See* Goldberg Decl. ¶¶4(a)-(b), Exs. 1-2. Both Progress Advocates and Student Loan Care are subsidiaries of Debt Resolve. *See* Second Amended Complaint ("Complaint" or "Compl.") ¶¶ 20, 24, 26. The first tolling agreement, titled "Tolling Agreement," was entered into on December 16, 2015 and tolled the statute of limitations for the NYAG's claims for an eighteen-month period from December 16, 2015 until June 16, 2017. *See* Goldberg Decl., ¶ 4(a), Ex. 1. The second, titled "First Amendment to Tolling Agreement," was entered into on September 18, 2017 and tolled the statute of limitations for another year, from June 16, 2017 to June 16, 2018 ("Debt Resolve's Second Tolling Agreement"). *Id.*, ¶ 4(b), Ex. 2.[2] Together, these two agreements tolled the statute of limitations for Debt Resolve and its subsidiaries for two and a half years (from December 16, 2015 to June 16, 2018).

As set forth in the Seconded Amended Complaint, Student Loan Care only began operating in April 2016 – a little over two years prior to the commencement of this action – and thus all of its conduct is well within any applicable statute of limitations.[3]

---

[2] Because of a typographical error, Debt Resolve's Second Tolling Agreement mistakenly states the year the agreement was signed as 2018, not 2017. *See* Goldberg Decl., ¶ 5, Ex. 2. That this is the result of a typographical error is clear from the text of the tolling agreement and from the September 26, 2017 e-mail to Debt Resolve's counsel at the time, Franklin S. Homer, enclosing a copy of the executed Second Tolling Agreement. *Id.*, ¶¶ 5-7, Exs. 2, 4.

[3] As a subsidiary of Debt Resolve, Student Loan Care was covered by the Debt Resolve tolling agreement and Second Tolling Agreement. Nevertheless, on September 18, 2017, the NYAG also entered into a separate tolling agreement with Student Loan Care that tolled the statute of limitations for the period of September 18, 2017 to

2

In light of these facts, it is surprising that in raising a statute of limitations defense for the first time in its Reply papers, the Moving Defendants omitted any mention of the tolling agreements. *See* Reply *at* 2. Yet, in a March 12, 2018 telephone conversation, Moving Defendants' current counsel, Clausen Miller PC, confirmed awareness of these tolling agreements. *See* Goldberg Decl. ¶ 8.

## ARGUMENT

**I.      Moving Defendants' Statute of Limitations Argument is Premature**

On a Rule 12(b)(6) motion, a court will dismiss a cause of action on statute of limitations grounds only "if the complaint clearly shows that the claim is out of time." *Zorrilla v. Carlson Restaurants Inc*., 255 F.Supp.3d 465, 479 (S.D.N.Y. 2017); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.,* 547 F.3d 406, 426 (2d Cir. 2008) ("lapse of a limitations period is an affirmative defense that a defendant must plead and prove."); *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("in the statute of limitations context . . . dismissal is appropriate only if a complaint clearly shows the claim is out of time.").

The Moving Defendants do not, and cannot, point to anything on the face of the Complaint that shows that the NYAG's Executive Law § 63(12) claim is clearly out of time or that equitable tolling, such as a continuing-violation doctrine is unavailable. *See Hidalgo v. Johnson & Johnson Consumer Companies, Inc*., 148 F.Supp.3d 285, 297 (S.D.N.Y. 2015) (denying motion to dismiss GBL § 349 claim on statute of limitations grounds since equitable tolling could be available to plaintiffs). Thus their claim is premature.

---

September 18, 2018. *See* Goldberg Decl., Ex. 3. This also contained a typographical error with the year of execution as 2018, not the actual year of 2017. *Id*., ¶ 6, 7, Ex. 4.

## II. Moving Defendants' Statute of Limitations Argument is Inapplicable to Student Loan Care

Student Loan Care was formed in April 2016. *See* Compl. ¶ 24. This case was filed in New York Supreme Court on September 20, 2018, and removed to this Court on October 24, 2018. *See* Notice of Removal, ECF No. 1. Because Student Loan Care was only in existence for a little over two years before this action was filed, Student Loan Care's argument that a three-year statute of limitations could somehow bar the NYAG's case against it has no basis in fact or law. The NYAG's Executive Law § 63(12) claim against Student Loan Care for fraud is not time-barred.

## III. The NYAG's Claims Against Progress Advocates Are Timely because the Tolling Agreements Permit Executive Law § 63(12) Claims Back to March 20, 2013

A tolling agreement, entered into between a potential plaintiff and a potential defendant, stops the statute of limitations from running for the period covered by the agreement. *See S.E.C. v. Kelly*, 663 F.Supp.2d 276, 287 (S.D.N.Y. 2009) ("During the period the tolling agreements were in effect, the statute of limitation stopped running."). Here Debt Resolve, on behalf of itself and its subsidiaries, including Progress Advocates, entered into two tolling agreements which tolled the statute of limitations for the NYAG's claims from December 16, 2015 to June 16, 2018 (30 months). *See* Goldberg Decl., Exs. 1-2. Assuming for the purposes of this surreply that Moving Defendants are correct that a three-year statute of limitations applies to deception claims under Executive Law § 63(12), because Debt Resolve's Second Tolling Agreement tolled the statute of limitations for 30 months, the NYAG can seek monetary relief, including damages, for

Progress Advocates' deception for conduct going back to March 20, 2013 (five years, six months before the NYAG filed the present action on September 20, 2018).[4]

## CONCLUSION

For the reasons set forth above and the others raised in the NYAG's opposing memorandum of law (ECF No. 70), the Court should reject Defendants' statute of limitations argument and deny their motion to dismiss.

Dated: March 18, 2019
New York, New York

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York
Attorney for Plaintiff

By: *s/ Elizabeth M. Lynch*
Elizabeth M. Lynch
Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, New York 10005
ElizabethM.Lynch@ag.ny.gov
(212) 416-6314

Of Counsel:

JANE M. AZIA, Bureau Chief
LAURA J. LEVINE, Deputy Bureau Chief
MELVIN GOLDBERG, Assistant Attorney General
STEWART DEARING, Assistant Attorney General

---

[4] It is irrelevant that there was a three month gap between the expiration of Debt Resolve's first Tolling Agreement on June 16, 2017, *see* Goldberg Decl., Ex. 1, and the execution of Debt Resolve's Second Tolling Agreement on September 18, 2017, *see id.*, Ex. 2, as the plain language of the Second Tolling Agreement states, "Any Limitations Defenses relating to any Potential Claims by the NYAG shall be tolled for the period beginning December 16, 2015 and ending June 16, 2018."