UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                           Plaintiff,

    -against-                                       Case No. 18-cv-9812 (AJN)

DEBT RESOLVE, INC.; HUTTON VENTURES, LLC;
PROGRESS ADVOCATES, LLC; PROGRESS
ADVOCATES GROUP, LLC; STUDENT ADVOCATES,
LLC; STUDENT ADVOCATES GROUP, LLC; STUDENT
ADVOCATES TEAM, LLC; STUDENT LOAN CARE, LLC;
STUDENT LOAN SUPPORT LLC; EQUITABLE
ACCEPTANCE CORPORATION; BRUCE BELLMARE; and
STANLEY E. FREIMUTH,

                           Defendants.
------------------------------------------------------------------------X

## **THE NYAG'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS PROGRESS ADVOCATES GROUP, LLC, STUDENT ADVOCATES GROUP, LLC, STUDENT ADVOCATES TEAM, LLC AND STUDENT LOAN SUPPORT, LLC'S MOTION TO DISMISS**

                                                         LETITIA JAMES
                                                         Attorney General of the State of New York
                                                         28 Liberty Street
                                                         New York, New York 10005

Of Counsel:

JANE M. AZIA, Bureau Chief
LAURA J. LEVINE, Deputy Bureau Chief
MELVIN GOLDBERG, Assistant Attorney General
STEWART DEARING, Assistant Attorney General
ELIZABETH M. LYNCH, Assistant Attorney General

The New York Attorney General ("NYAG"), on behalf of Plaintiff the People of the State of New York, submits this surreply brief in response to Defendants Progress Advocates Group, LLC ("PAG"), Student Advocates Group, LLC ("SAG"), Student Advocates Team, LLC ("SAT"), and Student Loan Support, LLC's ("SLS") (together "Moving Defendants") reply memorandum in support of its motion to dismiss the complaint ("Reply"), *see* ECF No. 89.

## INTRODUCTION

For the first time in their Reply, Moving Defendants raise a statute limitations argument. *See* Reply at 2. Moving Defendants do not raise this argument as a ground to dismiss the NYAG's Executive Law § 63(12) claim. Instead, they argue that by seeking damages beyond three years, the NYAG's claims sound in common law fraud making the pleading standards of Rule 9(b) applicable.

Moving Defendants' argument is belied by the facts. It is premature because the Second Amended Complaint ("Complaint" or "Compl.") alleges copious misconduct within a three-year period. It is inapplicable to SAT and SAG which have only been in existence since 2016. Finally, even under Moving Defendants' view of the applicable limitations period, a tolling agreement between NYAG and SLS, which Moving Defendants did not disclose to the Court, tolled the statute of limitations for the NYAG's Executive Law § 63(12) claims by one and a half years, permitting the NYAG to bring claims dating back to March 20, 2014 against SLS and its related-entity PAG. *See* Declaration of Melvin Goldberg ("Goldberg Decl.") ¶ 4, Ex. 1.

## PROCEDURAL BACKGROUND

This case was filed in New York Supreme Court on September 20, 2018, and removed to this Court on October 24, 2018. *See* Notice of Removal, ECF No. 1. During the NYAG's investigation of Moving Defendants prior to filing its complaint, Defendant SLS entered into a

1

tolling agreement with the NYAG ("the Tolling Agreement"). *See* Goldberg Decl., Ex. 1. The Tolling Agreement was entered into on December 28, 2015 and tolled the statute of limitations for an eighteen-month period from December 28, 2015 until June 28, 2017. *Id*. In addition to covering SLS, it also covered SLS' "parents, subsidiaries, affiliates, predecessors, officers, directors, shareholders, heirs, executors, administrators, representatives, successors and assigns and all other persons or entities acting on its behalf or under its control . . . ." ("SLS-Related Entities"). *See Id*. As informed in writing by SLS' attorney at the time, PAG took over SLS' responsibilities on or around December 31, 2014, *see* Goldberg Decl. ¶¶ 5-6, Ex. 2, p.1. Additionally, PAG produced documents in response to a subpoena served on SLS and issued objections to some of the requests. *See id*., ¶ 6, Ex. 2. Thus, PAG is an SLS-Related Entity subject to the Tolling Agreement. *See* Goldberg Decl. ¶¶ 5-7. As further evidence of this relationship, on or around October 16, 2018, SLS filed for bankruptcy, *see* Compl. ¶ 27, and in its Official Form 207, listed PAG as one of the businesses in which it has an interest. *See* Goldberg Decl. ¶ 17, Ex. 4, p. 10.[1]

As set forth in the Complaint, SAT and SAG each began operating in 2016 – less than three years prior to the commencement of this action. *See* Compl. ¶¶ 28, 31. Thus all of their conduct is well within any applicable statute of limitations.

On April 16, 2019, one day after Moving Defendants filed their reply, the NYAG arranged a call with Moving Defendants' counsel, Gordon Rees Scully Mansukhani LLP ("Counsel") and informed Counsel of the Tolling Agreement. *See* Goldberg Decl. ¶¶ 8-9.

---

[1] On a motion to dismiss the Court may take judicial notice of court filings. *See Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* 220 F.Supp.2d 289, 293 n. 4 (S.D.N.Y.2002) (on motion to dismiss, "[t]he Court takes judicial notice of [defendant's] filing in the bankruptcy proceeding under Fed.R.Evid. 201").

Counsel stated that it was unaware of the Tolling Agreement and the NYAG emailed the Tolling Agreement to Counsel. *See id.*, ¶¶ 9-10, Ex. 3. On April 17, 2019, Counsel informed the NYAG via email that it would withdraw SLS' statute of limitations argument but it would not withdraw it for PAG, SAT or SAG. *See id.,* ¶ 11, Ex. 3. The NYAG followed up with two emails to Counsel – one on April 17, 2019 and one on April 19, 2019 – informing Counsel that the tolling argument was equally invalid for the remaining defendants. *See id.,* ¶¶ 12-15, Ex. 3. Counsel never replied to either email and to date has not withdrawn its argument as to SLS. *See id.,* ¶¶ 13, 15, Ex. 3.

## **ARGUMENT**

I. **Moving Defendants' Statute of Limitations Argument is Premature**

On a Rule 12(b)(6) motion, a court will dismiss a cause of action on statute of limitations grounds only "if the complaint clearly shows that the claim is out of time." *Zorrilla v. Carlson Restaurants Inc.*, 255 F.Supp.3d 465, 479 (S.D.N.Y. 2017); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.,* 547 F.3d 406, 426 (2d Cir. 2008) ("lapse of a limitations period is an affirmative defense that a defendant must plead and prove."); *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("in the statute of limitations context . . . dismissal is appropriate only if a complaint clearly shows the claim is out of time.").

The Moving Defendants do not, and cannot, point to anything on the face of the Complaint that shows that the NYAG's Executive Law § 63(12) claim is clearly out of time. The NYAG alleges many unlawful and deceptive acts that occurred within the three-year time frame. Nor can Moving Defendants argue that equitable tolling, such as a continuing-violation doctrine, is unavailable. *See Hidalgo v. Johnson & Johnson Consumer Companies, Inc*., 148 F.Supp.3d 285, 297 (S.D.N.Y. 2015) (denying motion to dismiss GBL § 349 claim on statute of

3

limitations grounds since equitable tolling could be available to plaintiffs). Thus their argument is premature.

## II. Moving Defendants' Statute of Limitations Argument is Inapplicable to SAG and SAT

SAG and SAT were formed in November 2016 and July 2016, respectively. *See* Compl. ¶¶ 28, 31. This case was filed in New York Supreme Court on September 20, 2018, and removed to this Court on October 24, 2018. *See* Notice of Removal, ECF No. 1. Because SAG and SAT were only in existence for less than three years before this action was filed, SAG and SAT's argument that the NYAG is seeking damages outside of a three-year statute of limitations has no basis in fact or law. The NYAG's Executive Law § 63(12) claim against SAG and SAT falls within a three-year statute of limitations.

## III. The NYAG's Claims Against SLS and PAG Are Timely because the Tolling Agreement Permits Executive Law § 63(12) Claims Back to March 20, 2014

A tolling agreement, entered into between a potential plaintiff and a potential defendant, stops the statute of limitations from running for the time period covered by the agreement. *See S.E.C. v. Kelly*, 663 F.Supp.2d 276, 287 (S.D.N.Y. 2009) ("During the period the tolling agreements were in effect, the statute of limitation stopped running."). Here SLS, on behalf of itself and the SLS-Related Entities, including PAG, entered into a tolling agreement that tolled the statute of limitations for the NYAG's claims from December 28, 2015 to June 28, 2017 (18 months).[2] *See* Goldberg Decl., Ex. 1. Assuming for the purposes of this surreply that Moving Defendants are correct that a three-year statute of limitations applies to deception claims under

---

[2] While PAG appears to be covered by the tolling agreement based on prior counsel's representations as to the relationship between SLS and PAG and accompanying production of PAG documents, *see* Goldberg Decl. ¶ 5-7, Ex. 2, that issue is not before the Court at this time.

4

Executive Law § 63(12), because the Tolling Agreement tolled the statute of limitations for 18 months, the NYAG can seek monetary relief, including damages, for SLS and PAG's deception for conduct going back to March 20, 2014 (four years, six months before the NYAG filed the present action on September 20, 2018). Thus, the NYAG's request for damages beyond a three-year statute of limitations does not mean that its claim sounds in common law fraud.

## CONCLUSION

For the reasons set forth above and the others raised in the NYAG's opposing memorandum of law (ECF No. 87), the Court should reject Moving Defendants' statute of limitations argument and deny their motion to dismiss.

Dated: April 26, 2019
      New York, New York

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York
Attorney for Plaintiff

By: *s/ Elizabeth M. Lynch*_____
Elizabeth M. Lynch
Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, New York 10005
ElizabethM.Lynch@ag.ny.gov
(212) 416-6314

Of Counsel:

JANE M. AZIA, Bureau Chief
LAURA J. LEVINE, Deputy Bureau Chief
MELVIN GOLDBERG, Assistant Attorney General
STEWART DEARING, Assistant Attorney General