UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

FEB 1 8 2020

                                        Plaintiff,

          -against-                                        Case No. 18-cv-9812 (AJN)


DEBT RESOLVE, INC.; HUTTON VENTURES, LLC;
PROGRESS ADVOCATES, LLC; PROGRESS ADVOCATES
GROUP, LLC; STUDENT ADVOCATES, LLC; STUDENT
ADVOCATES GROUP, LLC; STUDENT ADVOCATES
TEAM, LLC; STUDENT LOAN CARE, LLC; STUDENT
LOAN SUPPORT LLC; EQUITABLE ACCEPTANCE
CORPORATION; BRUCE BELLMARE; STANLEY E.
FREIMUTH; and BRADLEY JASON HUNT,

                                        Defendants.
------------------------------------------------------------------------ X

### [PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER AS TO STUDENT ADVOCATES, LLC, PROGRESS ADVOCATES GROUP, LLC, STUDENT ADVOCATES TEAM, LLC, STUDENT ADVOCATES GROUP, LLC, STUDENT LOAN SUPPORT, LLC, AND BRADLEY JASON HUNT

Plaintiff, the People of the State of New York by Letitia James, Attorney General of the

State of New York ("NYAG" or "Plaintiff"), commenced this civil action (the "Action") in New

York County Supreme Court on September 20, 2018 to obtain injunctive and monetary relief and

civil penalties from the named Defendants, with the exception of Bradley Jason Hunt, whom the

NYAG has moved simultaneously with the filing of this Proposed Consent Judgment to add as a

Defendant and who has consented to be added as a Defendant.  Defendant Equitable Acceptance

Corporation ("Equitable") removed the Action to this Court on October 24, 2018 pursuant to 28

U.S.C. § 1446(a), and the NYAG did not move to remand.

The NYAG and Defendants Student Advocates, LLC ("Student Advocates"), Progress Advocates Group, LLC ("Progress Advocates Group"), Student Advocates Team, LLC ("Student Advocates Team"), Student Advocates Group, LLC ("Student Advocates Group"), Student Loan Support, LLC ("Student Loan Support"), and Bradley Jason Hunt (collectively referred to as the "Student Advocates Defendants) agree to the entry of this Stipulated Final Judgment and Order (the "Order") to settle and resolve all claims raised against them in this Action.  The NYAG and the Student Advocates Defendants are referred to collectively as the "Parties," and each, a "Party."  The NYAG's case against the six other Defendants will continue.

## FINDINGS

1.      This Court has jurisdiction over the Parties and the subject matter of this Action under 28 U.S.C. §§ 1331 and 1367(a).

2.      Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b)(2).

3.      The Third Amended Complaint, ECF No.___, (the "Complaint") alleges that, in connection with offering student loan debt relief services, the Student Advocates Defendants violated the following laws: New York Executive Law § 63(12); New York General Business Law ("GBL") §§ 349 and 350; the Federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*; the New York credit repair law, GBL Article 28-BB; the Telemarketing Sales Rule ("TSR"), 16 C.F.R § 310 *et seq.*; and the New York telemarketing law, GBL § 399-pp.

4.      The Complaint also alleges that Bradley Jason Hunt, Progress Advocates Group, Student Advocates Team and Student Loan Support violated New York usury law, and that Progress Advocates Group and Student Advocates Team violated the Federal Truth in Lending

2

Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; New York licensing law governing lenders, New York

Banking Law § 340; and the New York Retail Instalment Sales Act, New York Personal

Property Law § 401 *et seq.*

    5.    The Student Advocates Defendants neither admit nor deny any of the allegations

of the Complaint, except as specified in this Order.  The Student Advocates Defendants admit

the facts necessary to establish the Court's jurisdiction over them and the subject matter of this

Action.

    6.    Each Party waives all rights to seek judicial review or otherwise challenge or

contest the validity of this Order.  Each Party agrees to bear its own costs and expenses,

including, without limitation, attorneys' fees.

    7.    Entry of this Order is in the public interest.

## DEFINITIONS

    8.    The following definitions apply to this Order.

    9.    **"Assisting Others"** or **"Assist Others"** includes:

    a.  performing customer service functions, including receiving or responding to

        consumer complaints;

    b.  formulating or providing, or arranging for the formulation or provision of, any

        advertising or marketing material, including any telephone sales script, direct mail

        solicitation, or the design, text, or use of images of any Internet website, email or

        other electronic communication;

    c.  formulating or providing, or arranging for the formulation or provision of, any

        marketing support material or service, including web or Internet Protocol

addresses or domain name registration for any Internet websites, affiliate

marketing services, or media placement services;

d.   providing names of, or assisting in the generation of, potential consumers;

e.   acting as a broker or agent facilitating relationships, including but not limited to

receiving compensation or a commission for such services;

f.   performing marketing, billing, or payment services of any kind; and/or

g.   acting or serving as an owner, officer, director, manager, or principal of any

Entity.

10.   **"Consumer Reporting Agency"** or **"CRA"** shall mean any person or Entity

which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole

or in part in the practice of assembling or evaluating consumer credit information or other

information on consumers for the purpose of furnishing consumer reports to third parties.

11.   **"Debt"** means any obligation or alleged obligation of a consumer to pay money,

whether or not such obligation has been reduced to judgment.

12.   **"Debt Relief Products and Services"** means any service, product, plan, or

program between a consumer and one or more secured or unsecured creditors or debt collectors

which expressly or impliedly is represented to do any one or more of the following with respect

to a mortgage, loan, Debt, or obligation (and including but not limited to a loan, Debt, or

obligation provided for the purpose of funding education of any kind, whether that loan was

issued by the federal government or a private lender):

a.   stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's

dwelling, any other sale of collateral, any repossession of a person's dwelling or

4

other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

b.  negotiate, enable, obtain, or arrange a modification, or renegotiate, settle, or in any way alter the terms of a Debt, mortgage, obligation or loan, including but not limited to a reduction in the amount of interest, the principal balance, the amount of monthly payments or fees owed;

c.  negotiate, enable, obtain, or arrange any forbearance, deferment, postponement, or modification in the timing of payments on a Debt, mortgage, obligation, or loan;

d.  negotiate, enable, obtain, or arrange any extension of the period of time within which a consumer may (i) cure his or her default on a mortgage, loan, Debt, or obligation, (ii) reinstate his or her mortgage, loan, Debt or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate a mortgage, loan, Debt, or obligation or redeem a dwelling or other collateral;

e.  obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral;

f.  negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage loan, Debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder;

g.  negotiate, enable, obtain, or arrange the restructuring or consolidation of Debts, obligations, or loans, or otherwise combine or separate in any way Debts, obligations, or loans;

h.   negotiate, enable, arrange or facilitate complete or partial forgiveness of Debts, obligations, or loans;

i.   negotiate, enable, arrange or facilitate application, enrollment, or re-certification in a student loan repayment plan;

j.   repay or cause to be repaid any loan, Debt, or obligation;

k.   stop, prevent, or postpone any default on Debts, obligations, or loans; and/or

l.   submit or cause to be submitted any application, form, statement, or other paperwork to the U.S. Department of Education or a loan servicer that will affect the loan, obligation or Debt in any way.

13.   **"Effective Date"** means the date on which this Order, signed by the Judge, is entered on the docket.

14.   **"Entity"** means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

15.   **"Financing"** means a loan, advance, retail instalment contract, obligation or credit agreement, or any provision of cash, credit, or money in any form on behalf of a consumer.

16.   **"Reserve Account"** has the same meaning as the term "reserve account" used in any written agreement signed by Equitable and any of the following: Bradley Jason Hunt, Student Advocates, Progress Advocates Group, Student Advocates Group, Student Loan Support, and/or Student Advocates Team.

## ORDER

17.     Except for paragraphs 33-38, all parts of this Order shall be binding on and apply to both (a) Student Advocates, Progress Advocates Group, Student Loan Support, Student Advocates Group, Student Advocates Team and their principals, officers, employees, successors, assigns, servants, agents, attorneys, merged or acquired entities, wholly-owned subsidiaries, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, and (b) Bradley Jason Hunt, whether acting individually or through an entity of any kind.

**I.     Prohibition on Unlawful Acts**

**IT IS ORDERED THAT:**

18.     The Student Advocates Defendants shall not engage in violations of the following laws: New York Executive Law § 63(12); GBL §§ 349 and 350; Federal CROA, 15 U.S.C. § 1679 *et seq.*; the New York credit repair law, GBL Article 28-BB; the TSR, 16 C.F.R § 310 *et seq.*; the New York telemarketing law, GBL § 399-pp; TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. Part 1026; and the New York Retail Instalment Sales Act, New York Personal Property Law § 401 *et seq.*

19.     The Student Advocates Defendants shall not, directly or indirectly, charge, take or receive interest, finance charges, or any other kind of fee or charge in violation of New York usury laws, New York Banking Law § 14-a, New York General Obligations Law § 5-501, and New York Penal Law § 190.42.

20.     The Student Advocates Defendants shall comply with New York's licensing requirements set forth in New York Banking Law §§ 340 and 492.

## II.     Ban on Activities Regarding Debt Relief Products and Services

**IT IS FURTHER ORDERED THAT:**

21.     The Student Advocates Defendants are permanently restrained and enjoined from the following with respect to any Debt Relief Products and Services to be offered, provided, or sold to any New York consumer:

a.   advertising, marketing, promoting, offering for sale, or selling thereof;

b.   Assisting Others in the advertising, marketing, promoting, offering for sale, or selling thereof;

c.   providing or Assisting Others in provision thereof;

d.   providing Financing for or Assisting Others in Financing the purchase thereof;

e.   acting as an assignee or holder of contracts Financing the purchase thereof; and

f.   maintaining an ownership interest above 10% in any Entity engaged in Debt Relief Products and Services to be offered, provided, or sold to any New York consumer.

## III.     Prohibition on Deceptive Practices and False Advertising

**IT IS FURTHER ORDERED THAT:**

22.     The Student Advocates Defendants shall not misrepresent, expressly or impliedly, or Assist Others in misrepresenting, expressly or impliedly,

a.   any material term of any product, service, plan, or program advertised, marketed, offered for sale, or provided to New York consumers, including but not limited to:

i.   total costs, any material restrictions, limitations, or conditions, or any material aspect of performance, efficacy, nature, or central characteristics;

8

    ii.  the nature, expertise, position, or job title of any person or Entity who provides any such product, service, plan or program; and

    iii.  that any person or Entity is affiliated with, endorsed or approved by, or otherwise connected to any other person or Entity, government entity, public, non-profit, or other noncommercial program, or any other program;

  b.  any refund cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer; or

  c.  the ability to improve or otherwise affect a New York consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a New York consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by removing current, accurate negative information from the New York consumer's credit record or history.

**IV.  Prohibition on Collecting from New York Consumers and Required Consumer Notice**

**IT IS FURTHER ORDERED THAT:**

23.    The Student Advocates Defendants are permanently restrained and enjoined from collecting, attempting to collect, or assigning any right to collect payment from any New York consumer related to Debt Relief Products and Services, including any such Debts charged back or otherwise returned to the Student Advocates Defendants from a lender, such as, but not limited to Equitable, at any time before or after the Effective Date.

24.     The Student Advocates Defendants shall not sell, assign, or otherwise transfer any Debts owed or purportedly owed by New York consumers related to Debt Relief Products and Services.

25.     Within ten (10) days of the Effective Date, the Student Advocates Defendants shall request that each Consumer Reporting Agency to which they have reported a New York consumer's Debt related to Debt Relief Products and Services delete that Debt from all New York consumers' credit reporting files.

26.     Within twenty (20) days of the Effective Date, the Student Advocates Defendants shall mail each New York consumer whose Debt is subject to the forbearance described in paragraphs 23-25, a written notice in a form approved by the NYAG containing the following information:

 a. that, pursuant to an agreement with the New York Attorney General's Office, the Student Advocates Defendants will not collect or attempt to collect on any outstanding Debt related to Debt Relief Products and Services that the New York consumer incurred owing either to the Student Advocates Defendants or Equitable or any other lender or entity related to that Debt, as appropriate;

 b. that the Student Advocates Defendants shall not sell, assign, or otherwise transfer any Debt owed or purportedly owed to them by a New York consumer or any Financing agreement or arrangement signed by a New York consumer related to Debt Relief Products and Services;

 c. that the Student Advocates Defendants shall not report the New York consumer's Debt related to Debt Relief Products and Services to any CRA and that for each CRA to which a Debt related to Debt Relief Products and Services has been

previously reported, the Student Advocates Defendants have requested that the

CRA delete the account from the consumer's credit report;

d.  the name and contact information for each CRA to which the Student Advocates

Defendants submitted a request to delete a Debt from the consumer's credit

reporting file, and the date on which each such request was sent;

e.  in bold at the top of the notice, for students who were enrolled in federal student

loan payment assistance programs offered by the U.S. Department of Education,

that the consumer may be required each year to re-certify eligibility by providing

certain information to the U.S. Department of Education and that the consumer

should consult with his or her student loan servicer and the U.S. Department of

Education's website to determine any steps he or she must take to remain eligible

for such programs;

f.  that to determine the identity of his or her student loan servicer(s), a consumer can

visit My Federal Student Aid at https://studentaid.ed.gov/sa/login; and

g.  contact information for the New York Attorney General's Office, should the New

York consumer have questions about the terms of this Order.

27.  Nothing else shall be sent in combination with the mailing of this notice and such

mailing shall be sent to the most recently available postal address according to the Student

Advocates Defendants' records.  The envelope containing the notice shall contain the words

"Settlement with the New York Attorney General Office that may benefit you."

28.  If any notice sent pursuant to paragraph 26 is returned to the sender due to an

incorrect address, the Student Advocates Defendants shall perform reasonable research to

determine the consumer's current address and send one additional copy of the notice to the consumer at any new address found.

29.     If any New York consumer Debts are transferred to the Student Advocates Defendants subsequent to the Effective Date, the Student Advocates Defendants must follow the procedures listed in paragraphs 23 - 28 above, and in paragraphs 40 - 41 below.

**V.     Assignment of Funds Received from Third Parties to the State of New York**

**IT IS FURTHER ORDERED THAT:**

30.     Within seven (7) days of receiving it, the Student Advocates Defendants shall pay to the State of New York any money of any kind received from Equitable or any of its principals, officers, employees, successors, assigns, servants, agents, attorneys, merged or acquired entities, wholly-owned subsidiaries, and all other persons in active concert or participation with any of them, including but not limited to monies paid from the Reserve Accounts.  The Student Advocates Defendants shall make this payment in accordance with the instructions set forth in paragraph 35.

31.     Within three (3) days of the Effective Date, the Student Advocates Defendants shall send a notice to Equitable stating that any funds due and owing to any of them shall be paid directly to the State of New York.  Such notice shall provide the same payment instructions provided in paragraph 35 of this Order.  The Student Advocates Defendants shall also at the same time send a copy of this notice they sent to Equitable to the NYAG.

**VI.     Student Advocates Defendants' Obligations Regarding Consumer Information**

**IT IS FURTHER ORDERED THAT:**

32.     The Student Advocates Defendants are permanently restrained and enjoined from directly or indirectly disclosing, using or benefitting from any information relating to any New

York consumer that the Student Advocates Defendants obtained prior to entry of this Order, including the name, address, telephone number, email address, social security number, FSA ID, or other identifying information, or any data that enables access to a consumer's account (including a student loan account, credit card, bank account, or other financial account).

## VII. Monetary Judgment

## IT IS FURTHER ORDERED THAT:

33.     By reason of the violations of law alleged in the Complaint, judgment in the amount of $2,200,000 is hereby entered in favor of the NYAG against each of the Student Advocates Defendants, with joint and several liability among them. The balance of $2,200,000 shall be suspended upon the Student Advocates Defendants making payment of $50,000, subject to the provisions below.

34.     The Student Advocates Defendants shall pay $50,000 within one (1) day of the Effective Date.

35.     The Student Advocates Defendants shall make such payment via wire transfer. The wire transfer shall be payable to the "State of New York," reference this Order, and be addressed to the attention of Stewart Dearing, Assistant Attorney General at the New York State Attorney General's Office, Bureau of Consumer Frauds and Protection, 28 Liberty Street, New York, New York 10005.

36.     The NYAG may use the monetary relief paid pursuant to paragraph 34 for restitution, penalties or costs, in its sole discretion.

37.     The NYAG's agreement to the suspension of part of the judgment is expressly premised on the Student Advocates Defendants' compliance with the terms of this Order; their truthful disclosure of information and documents to the NYAG; and their timely payment of the

amount provided for in paragraph 34. The suspension of the judgment shall be lifted if, upon motion by the NYAG, the Court finds that the Student Advocates Defendants have materially violated the terms of this Order; that the Student Advocates Defendants failed to timely pay the full amount provided in paragraph 34; or that the Student Advocates Defendants made any misstatement or material omission in the documents and information provided to the NYAG.

38.    If the suspension of the judgment is lifted, the full amount of the judgment set forth in paragraph 33 becomes immediately due, less any payment previously made by the Student Advocates Defendants to the State of New York, plus interest computed from the Effective Date of this Order pursuant to 28 U.S.C. § 1961.

### VIII.  Compliance and Reporting Requirements

**IT IS FURTHER ORDERED THAT:**

39.    The Student Advocates Defendants shall fully cooperate with the NYAG in this Action and any NYAG investigation related to or associated with the conduct that is the subject of the Complaint. The Student Advocates Defendants shall provide information, documents, testimony, and other evidence in this Action reasonably requested by the NYAG.

40.    Within sixty (60) days after the Effective Date (or within sixty (60) days of the sending of notice to the consumer under paragraph 26, whichever date comes first), the Student Advocates Defendants shall provide the NYAG with a document listing the names, addresses, telephone numbers, email addresses and any other contact information of each New York consumer whose Debt was subject to forbearance in accordance with paragraphs 23-25 above. For each New York consumer listed, the document shall also detail the amount of the Debt that was outstanding at the time of forbearance, and the amount the consumer already paid to Equitable and/or the Student Advocates Defendants.

41.     The Student Advocates Defendants shall provide an exemplar copy to the NYAG of the notices sent to consumers pursuant to this Order within thirty (30) days of postmarking those notices.

42.     The Student Advocates Defendants shall also provide sufficient information about New York consumers to enable the NYAG to efficiently administer relief or redress called for by this Order. If a representative of the NYAG requests in writing any information related to relief or redress for New York consumers, the Student Advocates Defendants shall provide it, in the form prescribed by the NYAG, within fourteen (14) days.

43.     Within ninety (90) days of the Effective Date, and annually for three (3) years thereafter, Bradley Jason Hunt shall submit a compliance report, sworn under penalty of perjury that contains the following:

    a.  at least one telephone number, one email, and one physical address as points of contact, which the NYAG may use to communicate with him;

    b.  names, telephone numbers, and physical, email, and Internet addresses of all businesses that do business in New York or market to New York consumers which Bradley Jason Hunt directly or indirectly controls or of which Mr. Hunt is a majority owner;

    c.  a description of the activities of each such business identified in subparagraph (b), including the products and services offered, the means of advertising, marketing, and sales, and the type of Financing offered, if any, and the involvement of any other Defendant in this Action; and

     d.  a detailed description of the manner and form in which the Student Advocates

Defendants have complied with all provisions of this Order, designating the

relevant paragraph or subparagraph of this Order in each response.

44.     For the purpose of complying with paragraph 43, Bradley Jason Hunt may use the

Model Affidavit of Compliance attached as Exhibit A to this Order.

45.     For three (3) years, the Student Advocates Defendants shall submit to the NYAG

notice of the filing of any bankruptcy petition, insolvency proceeding, dissolution or similar

proceeding by or against any of the Student Advocates Defendants within fourteen (14) days of

its filing.

46.     Any submission to the NYAG required by this Order to be sworn under penalty of

perjury shall be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I

declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on: _____ " and supplying the date, signatory's full

name, title (if applicable), and signature.

## IX.    Order Distribution and Acknowledgement

**IT IS FURTHER ORDERED THAT:**

47.     Within seven (7) days of the Effective Date, the Student Advocates Defendants

shall submit to the NYAG an acknowledgement of receipt of this Order, sworn under penalty of

perjury.

## X.    Notices

**IT IS FURTHER ORDERED THAT:**

48.     Unless otherwise directed in writing by the NYAG, the Student Advocates

Defendants shall provide all submissions, requests, communications, or other documents relating

to this Order in writing, with the subject line, "New York v. Debt Resolve, Case No. 18-cv-9812" and send them by overnight courier, first-class mail, or e-mail to the below address:

> New York Attorney General's Office
> Bureau of Consumer Frauds and Protection
> Attention: Stewart Dearing, Assistant Attorney General
> 28 Liberty Street, 20th Floor
> New York, NY 10005
> Stewart.Dearing@ag.ny.gov

or in her absence, to the person holding the title of Bureau Chief, at the Bureau of Consumer Frauds and Protection (whose identity can be obtained by calling (212) 416-8300).

49.     To ensure compliance with this Order, the Student Advocates Defendants designate the following individual as their point of contact for the NYAG:

> Mr. Brad Hunt
> 300 El Camino Real Ste #211
> San Clemente, CA 92672
> (949) 232-1076
> bhunt0247@gmail.com

## XI.     Miscellaneous

## IT IS FURTHER ORDERED THAT:

50.     The facts alleged in the Complaint shall be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the NYAG to enforce this Order, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy.

51.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the NYAG pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order shall have collateral estoppel effect for such purposes.

52.     This Order shall not impede or prevent this Action from continuing against any other person or Entity, including but not limited to the currently named Defendants.

17

53.    If any clause, provision or section of this Order shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other clause, provision, or section of this Order and this Order shall be construed and enforced as if such invalid, illegal, or unenforceable clause, provision, or section had not been contained herein.

54.    Nothing in this Order shall be construed to deprive any person of any private right under the law.

55.    Nothing in this Order shall limit the State of New York's use of its subpoena power under New York Executive Law § 63(12) or GBL §§ 349, 458-j or shall otherwise limit the NYAG's use of any of its investigative powers or methods.

## XII.    Retention of Jurisdiction

**IT IS FURTHER ORDERED THAT:**

56.    The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

## XIII.   Service

**IT IS FURTHER ORDERED THAT:**

57.    This Order may be served upon the Student Advocates Defendants by email, certified mail, or United States mail, either by the United States Marshal, the Clerk of the Court, or any representative or agent of the State of New York.

IT IS SO ORDERED.

DATED this 18th day of February , 2020.

Hon. Alison J. Nathan
**United States District Court Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                              Plaintiff,

      -against-

                                                        Case No. 18-cv-9812 (AJN)

DEBT RESOLVE, INC.; HUTTON VENTURES, LLC;
PROGRESS ADVOCATES, LLC; PROGRESS ADVOCATES
GROUP, LLC; STUDENT ADVOCATES, LLC; STUDENT
ADVOCATES GROUP, LLC; STUDENT ADVOCATES
TEAM, LLC; STUDENT LOAN CARE, LLC; STUDENT
LOAN SUPPORT LLC; EQUITABLE ACCEPTANCE
CORPORATION; BRUCE BELLMARE; STANLEY E.
FREIMUTH; and BRADLEY JASON HUNT,

                              Defendants.
-----------------------------------------------------------------------X

## EXHIBIT A
## MODEL AFFIDAVIT OF COMPLIANCE

STATE OF NEW YORK          )
                             ) S.S.:
COUNTY OF                 )

      I, _____, being duly sworn, deposes and states the following

under penalty of perjury under the laws of the United States of America that the following is true and

correct:

1. I submit this affidavit to comply with paragraph 43 of the Consent Judgment agreed to

1

between the New York Attorney General and Progress Advocates Group, LLC, Student Advocates,

LLC, Student Advocates Group, LLC, Student Advocates Team, LLC, Student Loan Support, LLC

and Bradley Jason Hunt (collectively, the "Student Advocates Defendants") and which the Southern

District of New York so ordered on _____, 2020 ("the Consent Judgment").

2.  My current contact information is:

  Telephone Number: _____

  Email Address: _____

  Physical Address: _____

  _____

  _____

3.  In the last year, I was or am the majority owner of or directly or indirectly control or

  controlled the following businesses that either do business in New York or market to New

  York consumers:

  a.  Name of Business:_____

    Telephone Number: _____

    Email Address: _____

    Physical Address: _____

    _____

    _____

    Internet Address: _____

    _____

Description of Business, including means of marketing and type of financing

offered: _____

_____

_____

Names of Other Partners in the Business:_____

_____

_____

b.   Name of Business:_____

Telephone Number: _____

Email Address: _____

Physical Address: _____

_____

_____

Internet Address: _____

_____

Description of Business, including means of marketing and type of financing

offered: _____

_____

_____

Names of Other Partners in the Business:_____

_____

c.  Name of Business:_____

Telephone Number: _____

Email Address: _____

Physical Address: _____

_____

_____

Internet Address: _____

_____

Description of Business including statement as to whether financing

is offered: _____

_____

_____

Names of Other Partners in the Business:_____

_____

_____

d.  Name of Business:_____

Telephone Number: _____

Email Address: _____

Physical Address: _____

_____

4

Internet Address: _____

_____

Description of Business including statement as to whether financing

is offered: _____

_____

_____

Names of Other Partners in the Business:_____

_____

e.    _____

(If necessary, please list any other businesses on an additional sheet)

4.    The Student Advocates Defendants complied with paragraphs 23-29 of the Consent

Judgment, concerning the forbearance of consumer debts and consumer notice, by doing the

following:

_____

_____

_____

_____

_____

_____

5.    The Student Advocates Defendants complied with paragraphs 40-41 of the Consent

5

Judgment, concerning the identification of consumers to the NYAG whose debt was subject to

forbearance, by doing the following:

_____

_____

6.   The Student Advocates Defendants complied with paragraphs 30-31 of the Consent

Judgment, concerning the forwarding of payments from Equitable to the NYAG, by doing the

following:

_____

_____

7.   If I, Jason Bradley Hunt, did business in New York State (including by marketing to a

New York consumer) in the past year, I complied with paragraphs 18 - 22 of the Consent

Judgment, concerning compliance with New York laws and not engaging in the debt relief

business, by doing the following:

_____

_____

_____

_____

_____

_____

_____

_____

6

_____

_____

_____

_____

_____

_____

8.   I declare that I do not have an ownership interest above 10% in any business that is involved in Debt Relief Products and Services, as defined by the Consent Judgment, in New York State.

9.   I declare that neither I nor the Student Advocates Defendants have directly or indirectly benefited from or disclosed information related to a New York consumer that the Student Advocates Defendants obtained prior to the entry of the Consent Judgment.

10. I declare that I have complied with paragraph 45 of the Consent Judgment by submitting to the NYAG notice of the filing of any bankruptcy petition, insolvency proceeding, dissolution or similar proceeding by or against any Student Advocate Defendants within fourteen (14) days of its filing.

Executed on:_____, 202_

_____
Signature of Deponent

_____
Printed Name of Deponent

_____
Title of Deponent

Sworn to before me this ____
day of _____, 202_

_____
Notary Public