May 22, 2020

**Via ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

    **Re:**    *The People of the State of N.Y., by Letitia James v. Debt Resolve, Inc., et al (Case No. 18-cv-9812-AJN)*

Dear Judge Nathan:

    Plaintiff, the People of the State of New York by Letitia James, Attorney General of the State of New York ("NYAG"), and Defendants Debt Resolve, Inc. ("Debt Resolve"), Student Loan Care, LLC ("Student Loan Care"), Progress Advocates, LLC ("Progress Advocates"), Bruce Bellmare, and Stanley E. Freimuth (collectively "Debt Resolve Defendants" or the "Defendants") write to inform the Court that a settlement of the NYAG's claims against the Debt Resolve Defendants has been reached. Debt Resolve Defendants and the NYAG submit this joint letter in support of the attached Proposed Stipulated Final Judgment and Order as to the Debt Resolve, Inc., Student Loan Care, LLC, Progress Advocates, LLC, Bruce Bellmare, and Stanley E. Freimuth ("Proposed Consent Judgment").

    Since Debt Resolve, Student Loan Care, and Progress Advocates are currently in bankruptcy proceedings, the settlement as to them must be approved by the Bankruptcy Court before they can pay any funds to the NYAG.[1] The parties agree that this Court can enter and so order the Proposed Consent Judgment prior to the Bankruptcy Court's approval of any payments from Debt Resolve, Student Loan Care, and Progress Advocates. The NYAG will also confirm with this Court by letter whether the Bankruptcy Court approves the settlement as to Debt Resolve, Student Loan Care, and Progress Advocates within five (5) days of the Bankruptcy Court's decision.

    To summarize its essential terms, the attached Proposed Consent Judgment against Debt Resolve Defendants would:

(1) permanently enjoin Debt Resolve Defendants from violating all of the laws the NYAG alleges they violated in the Complaint;
(2) permanently enjoin Debt Resolve Defendants from engaging in the debt relief business in any way, including but not limited to assisting others in the debt relief business or maintaining an ownership interest above 10% in any business engaged in debt relief business;
(3) prohibit Debt Resolve Defendants from engaging in false advertising and making misrepresentations to consumers about various enumerated items, including but

---

[1] Mr. Bellmare and Mr. Freimuth have not filed for bankruptcy. However, since the parties reached an unallocated settlement, only one payment of the entire settlement sum will be paid following approval by the Bankruptcy Court.

>  not limited to material aspects of Debt Resolve Defendants' products or services, as well as the refund policies for those products or services and the ability to improve or otherwise affect a consumer's credit.
> (4) forbear all loans purportedly owed by all consumers that are currently owned by the Debt Resolve Defendants;
> (5) assign any future income received from the student loan debt relief contracts at issue in this case that may be transferred to Debt Resolve Defendants in the future to the NYAG; and
> (6) enter a monetary judgment in the amount of $5,500,000 against Debt Resolve, Student Loan Care, and Progress Advocates, the balance of which would be suspended upon the Debt Resolve Defendants paying $250,000.

The NYAG's Position

For the reasons summarized below, this Proposed Consent Judgment is a fair and reasonable resolution of the NYAG's claims against Debt Resolve Defendants. *See U.S. SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). Its entry by this Court will serve the public interest and further the objectives of the consumer protection laws upon which the NYAG's case is based. *See id.*; *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989).

In the Third Amended Complaint (ECF No. 147), which is the currently operative Complaint, the NYAG alleges that in the course of marketing and selling student loan debt relief services, the Debt Resolve Defendants violated several consumer protection laws, namely New York Executive Law § 63(12); New York General Business Law ("GBL") §§ 349 and 350; New York usury law, New York Banking Law § 14-a, New York General Obligations Law § 5-501; state and federal credit repair laws, 15 U.S.C. § 1679 *et seq.*, GBL Article 28-BB; and state and federal telemarketing laws, 16 C.F.R § 310 *et seq.*, GBL § 399-pp. The Third Amended Complaint also alleges that Student Loan Care and Progress Advocates violated the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; New York licensing laws governing lenders, New York Banking Law § 340; and the New York Retail Instalment Sales Act, New York Personal Property Law § 401 *et seq*. Among other relief, the Third Amended Complaint seeks a permanent injunction prohibiting the Defendants from violating these laws in the future, monetary restitution and penalties, rescission of all financing contracts for student loan debt relief sold or marketed by the Defendants, and a declaration that these agreements are null and void.

The Proposed Consent Judgment falls within the scope of these claims and furthers the objectives of the relevant consumer protection laws. It would permanently enjoin all of the Debt Resolve Defendants from violating any of the laws invoked by the Complaint and from engaging in the debt relief business of any kind, not just the debt relief business related to student loans. This relief provides substantial protections for New York consumers against the deceptive, fraudulent, and unlawful acts alleged in the Third Amended Complaint. *See e.g.*, GBL § 458-a(1).

The Proposed Consent Judgment also provides for monetary relief. For any loans that Debt Resolve Defendants currently own and for any which will be charged back to them in the

future, Debt Resolve Defendants will forbear all debts for all consumers. The Proposed Consent Judgment also provides for a judgment of $5.5 million against Debt Resolve, Progress Advocates and Student Loan Care, which reflects a portion of the approximate amount those entities charged consumers as part of their student loan debt relief business. Further, any future income associated with their student loan debt relief business that may be paid to any of the Debt Resolve Defendants by their student loan debt relief business partners or by Equitable Acceptance Corporation will be assigned to the NYAG.[2] These provisions provide significant benefits to consumers and also send a powerful deterrent message to other individuals.

The Proposed Consent Judgment also ensures that consumers are properly informed about any benefit available to them. Under the Proposed Consent Judgment, Debt Resolve Defendants must provide written notice to affected consumers that explains that the debts referenced in the Judgment that are purportedly owned by the Debt Resolve Defendants are hereby subject to forbearance, and the resources available to help them determine how their student loans may be affected.

Finally, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367(a) and, thus, has a jurisdictional basis to enter the Proposed Consent Judgment. *See Kozlowski*, 871 F.2d at 244.

Debt Resolve Defendants' Position

The Debt Resolve Defendants consent to the entry of the Proposed Consent Judgment by this Court as a compromise to settle this Action.

For all of the foregoing reasons, the NYAG and the Debt Resolve Defendants respectfully request that the Court enter the attached Proposed Consent Judgment as to the Debt Resolve Defendants. Hutton Ventures, LLC is the only remaining defendant and has defaulted in this action.

---

[2] For example, Student Loan Care has represented that Equitable Acceptance Corporation has a "reserve account" that may be paid back to it, if that account is funded by Equitable Acceptance Corporation and certain conditions are met under the terms of Equitable Acceptance Corporation's contracts with Student Loan Care and/or Debt Resolve.

6618521.1

Respectfully Submitted,

| | |
|---|---|
| LETITIA JAMES<br>Attorney General of the State of New York | CLAUSEN MILLER P.C. |
| By: __/s/Melvin Goldberg_____ | By: _____/s/Eric T. Krejci_____<br>Eric T. Krejci, Esq. |
| Jane Azia<br>Laura Levine<br>Melvin Goldberg<br>Stewart Dearing<br>Elizabeth M. Lynch<br>Assistant Attorney General<br>Bureau of Consumer Frauds and Protection<br>28 Liberty Street<br>New York, New York 10005<br>Jane.Azia@ag.ny.gov<br>Laura.Levine@ag.ny.gov<br>Melvin.Goldberg@ag.ny.gov<br>Stewart.Dearing@ag.ny.gov<br>ElizabethM.Lynch@ag.ny.gov<br>(212) 416-8300<br>*Attorney for Plaintiff* | 28 Liberty Street, 39th Floor<br>New York, New York 10005<br>ekrejci@clausen.com<br>(212) 805-3900<br><br>*Attorney for Defendants Debt Resolve, Inc., Student Loan Care, LLC, Progress Advocates, LLC, Bruce Bellmare, and Stanley E. Freimuth* |