UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                              Plaintiff,

        -against-                             Case No. 18-cv-9812 (AJN)

DEBT RESOLVE, INC.; HUTTON VENTURES, LLC;
PROGRESS ADVOCATES, LLC; PROGRESS ADVOCATES
GROUP, LLC; STUDENT ADVOCATES, LLC; STUDENT
ADVOCATES GROUP, LLC; STUDENT ADVOCATES
TEAM, LLC; STUDENT LOAN CARE, LLC; STUDENT
LOAN SUPPORT LLC; EQUITABLE ACCEPTANCE
CORPORATION; BRUCE BELLMARE; STANLEY E.
FREIMUTH; and BRADLEY JASON HUNT,

                              Defendants.
-------------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2020

## [PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER AS TO DEBT RESOLVE, INC., STUDENT LOAN CARE, LLC, PROGRESS ADVOCATES, LLC, BRUCE BELLMARE, AND STANLEY E. FREIMUTH

Plaintiff, the People of the State of New York by Letitia James, Attorney General of the State of New York ("NYAG" or "Plaintiff"), commenced this civil action (the "Action") in New York County Supreme Court on September 20, 2018 to obtain injunctive and monetary relief and civil penalties from the named Defendants. Defendant Equitable Acceptance Corporation ("Equitable") removed the Action to this Court on October 24, 2018 pursuant to 28 U.S.C. § 1446(a), and the NYAG did not move to remand.

The NYAG and Defendants Debt Resolve, Inc. ("Debt Resolve"), Student Loan Care, LLC ("Student Loan Care"), Progress Advocates, LLC ("Progress Advocates"), Bruce Bellmare, and Stanley E. Freimuth (collectively referred to as the "Debt Resolve Defendants") agree to the

1

6618494.1

entry of this Stipulated Final Judgment and Order (the "Order") to settle and resolve all claims raised against them in this Action. The NYAG and the Debt Resolve Defendants are referred to collectively as the "Parties," and each, a "Party." The NYAG's case against Hutton Ventures, LLC will continue.

## **FINDINGS**

1.	This Court has jurisdiction over the Parties and the subject matter of this Action under 28 U.S.C. §§ 1331 and 1367(a).

2.	Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b)(2).

3.	The Third Amended Complaint, ECF No. 147, (the "Complaint") alleges that, in connection with offering student loan debt relief services, the Debt Resolve Defendants violated the following laws: New York Executive Law § 63(12); New York General Business Law ("GBL") §§ 349 and 350; New York usury law, New York Banking Law § 14-a and New York General Obligations Law § 5-501; the Federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*; the New York credit repair law, GBL Article 28-BB; the Telemarketing Sales Rule ("TSR"), 16 C.F.R § 310 *et seq.*; and the New York telemarketing law, GBL § 399-pp.

4.	The Complaint also alleges that Student Loan Care and Progress Advocates violated the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; New York Banking Law § 340; and the New York Retail Instalment Sales Act, New York Personal Property Law § 401 *et seq*.

5. The Debt Resolve Defendants neither admit nor deny any of the allegations of the Complaint, except as specified in this Order. The Debt Resolve Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this Action.

6. Each Party waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

7. Entry of this Order is in the public interest.

## DEFINITIONS

8. The following definitions apply to this Order.

9. **"Assisting Others"** or **"Assist Others"** includes:

   a. performing customer service functions, including receiving or responding to consumer complaints;

   b. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email or other electronic communication;

   c. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

   d. providing names of, or assisting in the generation of, potential consumers;

   e. acting as a broker or agent facilitating relationships, including but not limited to receiving compensation or a commission for such services;

3

6618494.1

  f. performing marketing, billing, or payment services of any kind; and/or

  g. acting or serving as an owner, officer, director, manager, employee, or principal of any Entity.

10. **"Consumer Reporting Agency"** or **"CRA"** shall mean any person or Entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

11. **"Debt"** means any obligation or alleged obligation of a consumer to pay money, whether or not such obligation has been reduced to judgment.

12. **"Debt Relief Products and Services"** means any service (including but not limited to document preparation), product, plan, or program between a consumer and one or more secured or unsecured creditors or debt collectors which expressly or impliedly is represented to do any one or more of the following with respect to a mortgage, loan, Debt, or obligation (and including but not limited to a loan, Debt, or obligation provided for the purpose of funding education of any kind, whether that loan was issued by the federal government or a private lender):

  a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

  b. negotiate, enable, obtain, or arrange a modification, or renegotiate, settle, or in any way alter the terms of a Debt, mortgage, obligation or loan, including but not

limited to a reduction in the amount of interest, the principal balance, the amount of monthly payments or fees owed;

c. negotiate, enable, obtain, or arrange any forbearance, deferment, postponement, or modification in the timing of payments on a Debt, mortgage, obligation, or loan;

d. negotiate, enable, obtain, or arrange any extension of the period of time within which a consumer may (i) cure his or her default on a mortgage, loan, Debt, or obligation, (ii) reinstate his or her mortgage, loan, Debt or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate a mortgage, loan, Debt, or obligation or redeem a dwelling or other collateral;

e. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral;

f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage loan, Debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder;

g. negotiate, enable, obtain, or arrange the restructuring or consolidation of Debts, obligations, or loans, or otherwise combine or separate in any way Debts, obligations, or loans;

h. negotiate, enable, arrange or facilitate complete or partial forgiveness of Debts, obligations, or loans;

i. negotiate, enable, arrange or facilitate application, enrollment, or re-certification in a student loan repayment plan;

    j.    repay or cause to be repaid any loan, Debt, or obligation;

    k.    stop, prevent, or postpone any default on Debts, obligations, or loans; and/or

    l.    submit or cause to be submitted any application, form, statement, or other paperwork to the U.S. Department of Education or a loan servicer that will affect the loan, obligation or Debt in any way.

13.    **"Effective Date"** means the date on which this Order, signed by the Judge in *People v. Debt Resolve et al.*, Case No. 18-cv-9812 (S.D.N.Y), is entered on the docket.

14.    **"Entity"** means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

15.    **"Financing"** means a loan, advance, retail instalment contract, obligation or credit agreement, or any provision of cash, credit, or money in any form on behalf of a consumer.

16.    **"Reserve Account"** has the same meaning as the term "reserve account" used in any written agreement signed by Equitable and any of the following: Debt Resolve, Student Loan Care, Progress Advocates, Bruce Bellmare, Stanley Freimuth, any officer, principal, representative, or agent of Hutton Ventures, LLC signing on behalf of Debt Resolve Defendants, and/or any other individual or Entity signing on behalf of Debt Resolve Defendants, including but not limited to Jeff DaPra, Nicole DaPra (nee Pierce) or Raymond Conta.

**ORDER**

17.    Except for paragraphs 33-38, all parts of this Order shall be binding on and apply to (a) Debt Resolve, Student Loan Care, and Progress Advocates and their principals, officers, employees, successors, assigns, servants, agents, attorneys, merged or acquired entities, wholly-

owned subsidiaries, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, until such time as Debt Resolve, Student Loan Care, and Progress Advocates have been dissolved, and (b) Bruce Bellmare and Stanley E. Freimuth, whether acting individually or through an Entity of any kind. For purposes of this Order, a conversion of the Chapter 11 cases of Debt Resolve, Student Loan Care and Progress Advocates to Chapter 7 cases shall be deemed dissolution.

**I. Prohibition on Unlawful Acts**

**IT IS ORDERED THAT:**

18. The Debt Resolve Defendants shall not engage in violations of the following laws: New York Executive Law § 63(12); GBL §§ 349 and 350; Federal CROA, 15 U.S.C. § 1679 *et seq.*; the New York credit repair law, GBL Article 28-BB; the TSR, 16 C.F.R § 310 *et seq.*; the New York telemarketing law, GBL § 399-pp; TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. Part 1026; and the New York Retail Instalment Sales Act, New York Personal Property Law § 401 *et seq.*

19. The Debt Resolve Defendants shall not, directly or indirectly, charge, take or receive interest, finance charges, or any other kind of fee or charge in violation of New York usury laws, New York Banking Law § 14-a, New York General Obligations Law § 5-501, and New York Penal Law § 190.42.

20. The Debt Resolve Defendants shall comply with New York's licensing requirements set forth in New York Banking Law §§ 340 and 492.

**II. Ban on Activities Regarding Debt Relief Products and Services**

**IT IS FURTHER ORDERED THAT:**

21. The Debt Resolve Defendants are permanently restrained and enjoined from the following with respect to any Debt Relief Products and Services to be offered, provided, or sold to any consumer:

   a. advertising, marketing, promoting, offering for sale, or selling thereof;

   b. Assisting Others in the advertising, marketing, promoting, offering for sale, or selling thereof;

   c. providing or Assisting Others in provision thereof;

   d. providing Financing for or Assisting Others in Financing the purchase thereof;

   e. acting as an assignee or holder of contracts Financing the purchase thereof; and

   f. maintaining an ownership interest above 10% in any Entity engaged in Debt Relief Products and Services to be offered, provided, or sold to any consumer.

**III. Prohibition on Deceptive Practices and False Advertising**

**IT IS FURTHER ORDERED THAT:**

22. The Debt Resolve Defendants shall not misrepresent, expressly or impliedly, or Assist Others in misrepresenting, expressly or impliedly,

   a. any material term of any product, service, plan, or program advertised, marketed, offered for sale, or provided to any consumers, including but not limited to:

      i. total costs, any material restrictions, limitations, or conditions, or any material aspect of performance, efficacy, nature, or central characteristics;

      ii. the nature, expertise, position, or job title of any person or Entity who provides any such product, service, plan or program; and

       iii. that any person or Entity is affiliated with, endorsed or approved by, or otherwise connected to any other person or Entity, government entity, public, non-profit, or other noncommercial program, or any other program;

   b. any refund cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer; or

   c. the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by removing current, accurate negative information from the consumer's credit record or history.

## IV. Prohibition on Collecting from Consumers and Required Consumer Notice

**IT IS FURTHER ORDERED THAT:**

23. The Debt Resolve Defendants are permanently restrained and enjoined from collecting, attempting to collect, or assigning any right to collect payment from any consumer related to Debt Relief Products and Services, including any such Debts charged back or otherwise returned to the Debt Resolve Defendants from a lender, such as, but not limited to Equitable, at any time before or after the Effective Date.

24. The Debt Resolve Defendants shall not sell, assign, or otherwise transfer any Debts owed or purportedly owed by consumers related to Debt Relief Products and Services.

25. If the Debt Resolve Defendants report any consumer's Debt related to Debt Relief Products and Services to any Consumer Reporting Agency ("CRA"), Debt Resolve, Progress

Advocates and Student Loan Care will request that the CRA delete that Debt from all consumers' credit reporting files within twenty (20) days of becoming aware of the fact that there was a report to the CRA.

26. If the Debt Resolve Defendants become aware of any consumer whose Debt is subject to the forbearance described in paragraphs 23-25, within twenty (20) days of becoming aware of those consumers Debt Resolve, Progress Advocates and/or Student Loan Care will mail the written notice attached as Exhibit A to this Order to those consumers.

27. Nothing else shall be sent in combination with the mailing of this notice and such mailing shall be sent to the most recently available postal address according to the Debt Resolve Defendants' records. The envelope of the notice shall contain the words "Settlement with the New York Attorney General Office that may benefit you."

28. If any notice sent pursuant to paragraph 26 is returned to the sender due to an incorrect address, the Debt Resolve Defendants shall perform reasonable research to determine the consumer's current mailing address and send one additional copy of the notice to the consumer at any new address found.

29. If any consumer Debts are transferred to the Debt Resolve Defendants subsequent to the Effective Date, the Debt Resolve Defendants must follow the procedures listed in paragraphs 23 - 28 above, and in paragraphs 42 - 43 below.

**V. Assignment of Funds Received from Third Parties to the State of New York**

**IT IS FURTHER ORDERED THAT:**

30. Within seven (7) days of receiving it, the Debt Resolve Defendants shall pay to the State of New York any money of any kind received from (a) Jeff DaPra, Nicole DaPra (nee Pierce), or any Entity in which Jeff DaPra or Nicole DaPra (nee Pierce) is or ever was a

principal, officer, employee, or agent, and all other persons in active concern or participation with any of them and (b) from Equitable or any of its principals, officers, employees, successors, assigns, servants, agents, attorneys, merged or acquired entities, wholly-owned subsidiaries, and all other persons in active concert or participation with any of them, including but not limited to monies paid from the Reserve Accounts. The Debt Resolve Defendants shall make this payment in accordance with the instructions set forth in paragraph 35.

31. Within five (5) days of the Effective Date, the Debt Resolve Defendants shall send a notice to Equitable and a notice to Jeff DaPra and Nicole DaPra (nee Pierce) stating that any funds due and owing to any of them shall be paid directly to the State of New York. Such notice shall provide the same payment instructions provided in paragraph 35 of this Order. The Debt Resolve Defendants shall also at the same time send a copy of these notices they sent to Equitable and Jeff and Nicole DaPra (nee Pierce) to the NYAG, by email to the addresses listed in paragraph 51 of this Order.

**VI. Debt Resolve Defendants' Obligations Regarding Consumer Information**

**IT IS FURTHER ORDERED THAT:**

32. The Debt Resolve Defendants are permanently restrained and enjoined from directly or indirectly disclosing, using or benefitting from any information relating to any consumer that the Debt Resolve Defendants obtained prior to entry of this Order, including the name, address, telephone number, email address, social security number, FSA ID, or other identifying information, or any data that enables access to a consumer's account (including a student loan account, credit card, bank account, or other financial account).

### VII. Monetary Judgment

**IT IS FURTHER ORDERED THAT:**

33. Judgment in the amount of $5,500,000 is hereby entered in favor of the NYAG against Debt Resolve, Progress Advocates, and Student Loan Care only, with joint and several liability among Debt Resolve, Progress Advocates and Student Loan Care. The balance of $5,500,000 shall be suspended upon the Debt Resolve Defendants making payment of $250,000, subject to the provisions below.

34. The Debt Resolve Defendants shall pay $250,000 on an unallocated basis (the "Settlement Amount") within three (3) business days of approval by the Bankruptcy Court. Debt Resolve, Student Loan Care and Progress Advocates shall file with the Bankruptcy Court the motion, papers and any other documents necessary to obtain the Bankruptcy Court's approval within five (5) days of the Effective Date. The Settlement Amount is currently being held by counsel in escrow and will continue to be held in escrow until the Bankruptcy Court renders a decision on the settlement. If the Bankruptcy Court does not approve the payment of the Settlement Amount, this Order shall be null and void as to Debt Resolve Defendants.

35. The Debt Resolve Defendants shall issue payment of the Settlement Amount via wire transfer. The wire transfer shall be payable to the "State of New York," reference this Order, and be addressed to the attention of Melvin Goldberg, Assistant Attorney General at the New York State Attorney General's Office, Bureau of Consumer Frauds and Protection, 28 Liberty Street, New York, New York 10005. The Debt Resolve Defendants shall also send an email to Melvin.Goldberg@ag.ny.gov confirming the transfer the same day the transfer occurs.

36. The NYAG may use the monetary relief paid pursuant to paragraph 34 for restitution, penalties or costs, in its sole discretion.

6618494.1

37. The NYAG's agreement to the suspension of part of the judgment against Debt Resolve, Progress Advocates and Student Loan Care is expressly premised on the Debt Resolve Defendants' compliance with the terms of this Order; their truthful disclosure of information and documents to the NYAG; and their timely payment of the amount provided for in paragraph 34. The suspension of the judgment against Debt Resolve, Progress Advocates and Student Loan Care shall be lifted if, upon motion by the NYAG, the Court finds that the Debt Resolve Defendants have materially violated the terms of this Order; that the Debt Resolve Defendants failed to timely pay the full amount provided in paragraph 34; or that the Debt Resolve Defendants made any misstatement or material omission in the documents and information provided to the NYAG.

38. If the suspension of the judgment against Debt Resolve, Progress Advocates and Student Loan Care is lifted, the full amount of the judgment set forth in paragraph 33 becomes immediately due against Debt Resolve, Progress Advocates and Student Loan Care, less any payment previously made by the Debt Resolve Defendants to the State of New York, plus interest computed from the Effective Date of this Order pursuant to 28 U.S.C. § 1961.

39. Bankruptcy Counsel for Debt Resolve, Student Loan Care and Progress Advocates shall move promptly for Bankruptcy Court approval of this Stipulation, and shall endeavor to raise this Settlement at the May 27, 2020 hearing before the Bankruptcy Court.

40. Upon payment of the settlement amount and approval of the Stipulation by the Bankruptcy Court and non-monetary performance, the NYAG shall amend the proofs of claim filed in the bankruptcy proceedings of Debt Resolve, Student Loan Care and Progress Advocates to reflect that all amounts owed shall be deemed satisfied except for the NYAG's contingent rights to payment received from third parties.

**VIII.    Compliance and Reporting Requirements**

**IT IS FURTHER ORDERED THAT:**

41.    The Debt Resolve Defendants shall fully cooperate with the NYAG in this Action and any NYAG investigation related to this Action. The Debt Resolve Defendants shall provide information, documents, testimony, and other evidence that is in their possession, custody or control in this Action reasonably requested by the NYAG.

42.    Within thirty (30) days after the Effective Date (or within thirty (30) days of the sending of notice to the consumer under paragraph 26, whichever date comes later), the Debt Resolve Defendants shall provide the NYAG with a document listing the names, addresses, telephone numbers, email addresses and any other contact information of each consumer who received a notice under paragraph 26. The Debt Resolve Defendants shall provide this information by email to the address listed in paragraph 51 of this Order.

43.    The Debt Resolve Defendants shall provide an exemplar copy to the NYAG of the notices sent to consumers pursuant to this Order within thirty (30) days of postmarking those notices. The Debt Resolve Defendants shall provide this information by email to the addresses listed in paragraph 51 of this Order.

44.    Within ninety (90) days of the Effective Date, and annually for three (3) years thereafter, unless their businesses have formally dissolved, Student Loan Care, Debt Resolve, and Progress Advocates shall submit one compliance report, sworn under penalty of perjury that contains the following:

    a. at least one telephone number, one email, and one physical address as points of contact, which the NYAG may use to communicate with them;

14

6618494.1

b.  names, telephone numbers, and physical, email, and Internet addresses of all businesses for which they are a majority owner, or that they directly or indirectly control;

c.  a description of the activities of each such business identified in subparagraph (b), including the products and services offered, the means of advertising, marketing, and sales, and the type of Financing offered, if any, and the involvement of any other Defendant in this Action;

d.  a detailed description of the manner and form in which they have complied with each paragraph and subparagraph of this Order, designating the relevant paragraph or subparagraph of this Order in each response;

e.  copies of each Order acknowledgement obtained pursuant to this Order; and

f.  if and when Student Loan Care, Progress Advocates or Debt Resolve have formally dissolved, either through bankruptcy or through some other procedure, provide to the NYAG documents reflecting such dissolution at which point their obligations under paragraph 44(a) through (e) shall cease.

g.  Conversion of the Chapter 11 bankruptcy cases of Debt Resolve, Student Loan Care and Progress Advocates to cases under Chapter 7 shall be considered dissolution for purposes of this Order and these obligations shall be rendered inapplicable.

45.  Within ninety (90) days of the Effective Date, and annually for three (3) years thereafter, Bruce Bellmare and Stanley E. Freimuth shall each submit a compliance report, sworn under penalty of perjury that contains the following:

    a. at least one telephone number, one email, and one physical address as points of contact, which the NYAG may use to communicate with him;

    b. names, telephone numbers, and physical, email, and Internet addresses of all businesses that are located in New York, do business in New York or market to New York consumers, which he directly or indirectly controls or of which he is a majority owner;

    c. a description of the activities of each such business identified in subparagraph (b), including the products and services offered, the means of advertising, marketing, and sales, and the type of Financing offered, if any, and the involvement of any other Defendant in this Action; and

    d. a detailed description of the manner and form in which he has complied with all provisions of this Order, designating the relevant paragraph or subparagraph of this Order in each response.

46. For the purpose of complying with paragraph 44 and 45, the Debt Resolve Defendants may use the Model Affidavit of Compliance attached as Exhibit B to this Order.

47. For three (3) years, the Debt Resolve Defendants shall submit to the NYAG notice of the filing of any bankruptcy petition, insolvency proceeding, dissolution or similar proceeding by or against any of the Debt Resolve Defendants within fourteen (14) days of its filing.

48. Any submission to the NYAG required by this Order to be sworn under penalty of perjury shall be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

### IX. Order Distribution and Acknowledgement

**IT IS FURTHER ORDERED THAT:**

49. Within seven (7) days of the Effective Date, the Debt Resolve Defendants shall submit to the NYAG an acknowledgement of receipt of this Order, sworn under penalty of perjury.  The Debt Resolve Defendants shall provide this information by email to the addresses listed in paragraph 51 of this Order.

50. Except for the requirements in paragraphs 33-38 and 45 all requirements of this Order will no longer apply if Student Loan Care, Debt Resolve, or Progress Advocates formally dissolve.  For purposes of this Order, a conversion of the Chapter 11 cases of Debt Resolve, Student Loan Care and Progress Advocates to a Chapter 7 cases shall be deemed dissolution.

### X. Notices

**IT IS FURTHER ORDERED THAT:**

51. Unless otherwise directed in writing by the NYAG, the Debt Resolve Defendants shall provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "New York v. Debt Resolve, Case No. 18-cv-9812" and send them by overnight courier or first-class mail, with a copy also sent by email, to the below addresses:

> New York Attorney General's Office
> Bureau of Consumer Frauds and Protection
> Attention: Melvin Goldberg, Assistant Attorney General
> 28 Liberty Street, 20th Floor
> New York, NY 10005
> Melvin.Goldberg@ag.ny.gov

or in his absence, to the person holding the title of Bureau Chief, at the Bureau of Consumer Frauds and Protection (whose identity can be obtained by calling (212) 416-8300).

52. To ensure compliance with this Order, Student Loan Care, Debt Resolve, Progress Advocates, Mr. Bellmare and Mr. Freimuth have informed the NYAG of the individuals designated as their points of contact relative to this Final Judgment and Order. To the extent that contact information for any of the Debt Resolve Defendants changes prior to the annual certifications required by paragraphs 44 and 45, Debt Resolve Defendants shall inform the NYAG via email to the address listed in paragraph 51.

### XI. Miscellaneous

**IT IS FURTHER ORDERED THAT:**

53. The facts alleged in the Complaint shall be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the NYAG to enforce this Order, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy.

54. The facts alleged in the Complaint establish all elements necessary to sustain an action by the NYAG pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order shall have collateral estoppel effect for such purposes.

55. This Order shall not impede or prevent this Action from continuing against any other person or Entity, including but not limited to any other currently named Defendants.

56. If any clause, provision or section of this Order shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other clause, provision, or section of this Order and this Order shall be

construed and enforced as if such invalid, illegal, or unenforceable clause, provision, or section had not been contained herein.

57. Nothing in this Order shall be construed to deprive any person of any private right under the law.

58. Nothing in this Order shall limit the State of New York's use of its subpoena power under New York Executive Law § 63(12) or GBL §§ 349, 458-j or shall otherwise limit the NYAG's use of any of its investigative powers or methods.

**XII.   Retention of Jurisdiction**

**IT IS FURTHER ORDERED THAT:**

59. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**XIII.   Service**

**IT IS FURTHER ORDERED THAT:**

60. This Order may be served upon the Debt Resolve Defendants by email, certified mail, or United States mail, either by the United States Marshal, the Clerk of the Court, or any representative or agent of the State of New York.

**IT IS SO ORDERED.**

DATED this  25  day of       June       , 2020.

_____
**Hon. Alison J. Nathan**
**United States District Court Judge**