

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                                      Plaintiff,

            -against-                                      Case No. 18-cv-9812 (AJN)

DEBT RESOLVE, INC.; HUTTON VENTURES, LLC;
PROGRESS ADVOCATES, LLC; PROGRESS ADVOCATES
GROUP, LLC; STUDENT ADVOCATES, LLC; STUDENT
ADVOCATES GROUP, LLC; STUDENT ADVOCATES
TEAM, LLC; STUDENT LOAN CARE, LLC; STUDENT
LOAN SUPPORT LLC; EQUITABLE ACCEPTANCE
CORPORATION; BRUCE BELLMARE; STANLEY E.
FREIMUTH; and BRADLEY JASON HUNT,

                                   Defendants.
-------------------------------------------------------------------------- X

## ~~[PROPOSED]~~ DEFAULT JUDGMENT AND ORDER AS TO
## HUTTON VENTURES, LLC

      Plaintiff, the People of the State of New York by Letitia James, Attorney General of the State of New York ("NYAG" or "Plaintiff"), commenced this civil action (the "Action") in New York County Supreme Court on September 20, 2018 to obtain injunctive and monetary relief and civil penalties from the named Defendants, with the exception of defendant Bradley Jason Hunt, who was added to the Action at a later date. The NYAG personally served the Supreme Court complaint on Hutton Ventures, LLC ("Hutton") at its principal place of business on October 18, 2018. Hutton never appeared in the Supreme Court case.

      Defendant Equitable Acceptance Corporation ("Equitable") removed the Action to this Court on October 24, 2018 pursuant to 28 U.S.C. § 1446(a), and the NYAG did not move to

1

remand. On or around October 23, 2018, Hutton consented to Equitable's removal request. (ECF No. 9-3).

The NYAG personally served the Second Amended Complaint on Hutton at its principal place of business on February 1, 2019. (ECF No. 72). Hutton never answered, appeared or otherwise defended against the NYAG's claims in this action. On May 6, 2019, the Clerk of Court entered a Certificate of Default against Hutton. (ECF No. 100).

In order to effectuate settlement with other parties, on February 12, 2020, the NYAG moved for leave to amend the Second Amended Complaint to add an individual defendant related to the settling parties. (ECF No. 138). The Court granted that motion (ECF No. 146) and on February 19, 2020, the NYAG filed the Third Amended Complaint with the Court. (ECF No. 147). As the Third Amended Complaint contained no new claims against Hutton, service of the Third Amended Complaint on Hutton was not required.

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 55(a), the NYAG seeks a Default Judgment and Order to resolve all claims raised against Hutton in this Action. The NYAG and Hutton are referred to collectively as the "Parties," and each, a "Party." The NYAG's case against the other Defendants in this Action have been settled and resolved. (ECF Nos. 112, 145 &162)

## **FINDINGS**

1. This Court has jurisdiction over the Parties and the subject matter of this Action under 28 U.S.C. §§ 1331 and 1367(a).

2. Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b)(2).

3. The Second Amended Complaint, ECF No. 147, (the "Second Amended Complaint") alleges that, in connection with offering student loan debt relief services, Hutton violated the following laws: New York Executive Law § 63(12); New York General Business Law ("GBL") Article 22-A, §§ 349 and 350; New York usury law, New York Banking Law § 14-a and New York General Obligations Law § 5-501; the Federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*; the New York credit repair law, GBL Article 28-BB; the Telemarketing Sales Rule ("TSR"), 16 C.F.R § 310 *et seq.*; and the New York telemarketing law, GBL § 399-pp.

4. The Second Amended Complaint also alleges that Student Loan Care and Progress Advocates violated the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; New York Banking Law § 340; and the New York Retail Instalment Sales Act, New York Personal Property Law § 401 *et seq.*

5. Hutton was properly served with the Second Amended Complaint, as required by FRCP Rule 4. (ECF No. 72)

6. The NYAG obtained a certificate of default against Hutton on May 6, 2019. (ECF No. 100).

7. On July 3, 2019, the Court ruled on and denied all four motions to dismiss that had been filed by all of the Defendants named in the Second Amended Complaint other than Hutton and Student Advocates, LLC, both of which had never answered, pled, otherwise defended or filed motions to dismiss in the action. (ECF No. 104.)

8. On February 18, 2020, the Court granted the NYAG's motion for leave to file the Third Amended Complaint to add an individual defendant unrelated to Hutton. (ECF No. 147).

3

9. As the Third Amended Complaint contained no new claims against Hutton, service of the Third Amended Complaint on Hutton was not required under FRCP Rule 5(a)(2).

10. Hutton, by sharing ownership, office space, officers and personnel with Defendant Student Loan Care acted as a common enterprise with it, as well as with Defendant Debt Resolve, Inc. ("Debt Resolve"), while engaged in the deceptive and unlawful practices enumerated in paragraphs 3 and 4 above.

11. The NYAG submitted evidence as exhibits to its motion for default judgment against Hutton that Hutton, in common enterprise with Student Loan Care and with direct knowledge, entered into 6,630 student loan debt relief service contracts with consumers, violated New York Executive Law § 63(12); GBL Article 22-A, §§ 349 and 350; New York usury law, New York Banking Law § 14-a and New York General Obligations Law § 5-501; CROA 15 U.S.C. § 1679 *et seq.*; the New York credit repair law, GBL Article 28-BB; the TSR, 16 C.F.R § 310 *et seq.*; TILA, 15 U.S.C. § 1601 *et seq.*; New York Banking Law § 340; the New York Retail Instalment Sales Act, New York Personal Property Law § 401 *et seq.*, and the New York telemarketing law, GBL § 399-pp and is entitled to statutory penalties for these violations.

12. The NYAG is therefore entitled to statutory penalties against Hutton in the amount of $53.04 million, which reflects the following based on transactions with 6,630 consumers:

- GBL Article 22-A -- $5,000 per the 6,630 Student Loan Care contracts with consumers, pursuant to GBL § 350-d = $33.15 million;

- GBL § 399 -- $2,000 per the 6,630 Student Loan Care contracts with consumers, pursuant to GBL § 399-pp(11)(b) = $13.26 million;

- GBL § 458 -- $1,000 per the 6,630 contracts with consumers, pursuant to GBL § 458-j = $6.63 million.

13. This Order, and the relief awarded herein, is in addition to, and not in lieu of, any other remedies that may be provided by law, including both civil and criminal remedies.

14. Entry of this Order is in the public interest.

## **DEFINITIONS**

15. The following definitions apply to this Order.

16. **"Assisting Others"** or **"Assist Others"** includes:

   a. performing customer service functions, including receiving or responding to consumer complaints;

   b. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email or other electronic communication;

   c. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

   d. providing names of, or assisting in the generation of, potential consumers;

   e. acting as a broker or agent facilitating relationships, including but not limited to receiving compensation or a commission for such services;

5

      f. performing marketing, billing, or payment services of any kind; and/or

      g. acting or serving as an owner, officer, director, manager, employee, or principal of any Entity.

17. **"Debt"** means any obligation or alleged obligation of a consumer to pay money, whether or not such obligation has been reduced to judgment.

18. **"Debt Relief Products and Services"** means any service (including but not limited to document preparation), product, plan, or program between a consumer and one or more secured or unsecured creditors or debt collectors which expressly or impliedly is represented to do any one or more of the following with respect to a mortgage, loan, Debt, or obligation (and including but not limited to a loan, Debt, or obligation provided for the purpose of funding education of any kind, whether that loan was issued by the federal government or a private lender):

      a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

      b. negotiate, enable, obtain, or arrange a modification, or renegotiate, settle, or in any way alter the terms of a Debt, mortgage, obligation or loan, including but not limited to a reduction in the amount of interest, the principal balance, the amount of monthly payments or fees owed;

6

c. negotiate, enable, obtain, or arrange any forbearance, deferment, postponement, or modification in the timing of payments on a Debt, mortgage, obligation, or loan;

d. negotiate, enable, obtain, or arrange any extension of the period of time within which a consumer may (i) cure his or her default on a mortgage, loan, Debt, or obligation, (ii) reinstate his or her mortgage, loan, Debt or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate a mortgage, loan, Debt, or obligation or redeem a dwelling or other collateral;

e. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral;

f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage loan, Debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder;

g. negotiate, enable, obtain, or arrange the restructuring or consolidation of Debts, obligations, or loans, or otherwise combine or separate in any way Debts, obligations, or loans;

h. negotiate, enable, arrange or facilitate complete or partial forgiveness of Debts, obligations, or loans;

i. negotiate, enable, arrange or facilitate application, enrollment, or re-certification in a student loan repayment plan;

7

j. repay or cause to be repaid any loan, Debt, or obligation;

k. stop, prevent, or postpone any default on Debts, obligations, or loans; and/or

l. submit or cause to be submitted any application, form, statement, or other paperwork to the U.S. Department of Education or a loan servicer that will affect the loan, obligation or Debt in any way.

19. **"Effective Date"** means the date on which this Order, signed by the Judge in *People v. Debt Resolve et al.*, Case No. 18-cv-9812 (S.D.N.Y), is entered on the docket.

20. **"Entity"** means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

21. **"Financing"** means a loan, advance, retail instalment contract, obligation or credit agreement, or any provision of cash, credit, or money in any form on behalf of a consumer.

## ORDER

22. Except for paragraphs 35 - 36, all parts of this Order shall be binding on and apply to Hutton and its principals, officers, employees, successors, assigns, servants, agents, attorneys, merged or acquired entities, wholly-owned subsidiaries, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, including but not limited to Jeff DaPra, Nicole DaPra (nee Pierce) and Ray Conta.

**I. Prohibition on Unlawful Acts**

**IT IS ORDERED THAT:**

23. Hutton shall not engage in violations of the following laws: New York Executive Law § 63(12); GBL §§ 349 and 350; Federal CROA, 15 U.S.C. § 1679 *et seq.*; the New York credit repair law, GBL Article 28-BB; the TSR, 16 C.F.R § 310 *et seq.*; and the New York telemarketing law, GBL § 399-pp; TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. Part 1026; and the New York Retail Instalment Sales Act, New York Personal Property Law § 401 *et seq*

24. Hutton shall not, directly or indirectly, charge, take or receive interest, finance charges, or any other kind of fee or charge in violation of New York usury laws, New York Banking Law § 14-a, New York General Obligations Law § 5-501, and New York Penal Law § 190.42.

25. Hutton shall comply with New York's licensing requirements set forth in New York Banking Law §§ 340 and 492.

**II. Ban on Activities Regarding Debt Relief Products and Services**

**IT IS FURTHER ORDERED THAT:**

26. Hutton is permanently restrained and enjoined from the following with respect to any Debt Relief Products and Services to be offered, provided, or sold to any consumer:

   a. advertising, marketing, promoting, offering for sale, or selling thereof;

   b. Assisting Others in the advertising, marketing, promoting, offering for sale, or selling thereof;

   c. providing or Assisting Others in provision thereof;

   d. providing Financing for or Assisting Others in Financing the purchase thereof;

9

    e. acting as an assignee or holder of contracts Financing the purchase thereof; and

    f. maintaining an ownership interest above 10% in any Entity engaged in Debt Relief Products and Services to be offered, provided, or sold to any consumer.

### III. Prohibition on Deceptive Practices and False Advertising

**IT IS FURTHER ORDERED THAT:**

27. Hutton shall not misrepresent, expressly or impliedly, or Assist Others in misrepresenting, expressly or impliedly,

    a. any material term of any product, service, plan, or program advertised, marketed, offered for sale, or provided to any consumers, including but not limited to:

        i. total costs, any material restrictions, limitations, or conditions, or any material aspect of performance, efficacy, nature, or central characteristics;

        ii. the nature, expertise, position, or job title of any person or Entity who provides any such product, service, plan or program; and

        iii. that any person or Entity is affiliated with, endorsed or approved by, or otherwise connected to any other person or Entity, government entity, public, non-profit, or other noncommercial program, or any other program;

  b. any refund cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer; or

  c. the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by removing current, accurate negative information from the consumer's credit record or history.

## IV. Prohibition on Collecting from Consumers

**IT IS FURTHER ORDERED THAT:**

28. Hutton is permanently restrained and enjoined from collecting, attempting to collect, or assigning any right to collect payment from any consumer related to Debt Relief Products and Services, including any such Debts charged back or otherwise returned to Hutton from a lender, such as, but not limited to Equitable, at any time before or after the Effective Date.

29. Hutton shall not sell, assign, or otherwise transfer any Debts owed or purportedly owed by consumers related to Debt Relief Products and Services.

## V. Hutton's Obligations Regarding Consumer Information

**IT IS FURTHER ORDERED THAT:**

30. Hutton is permanently restrained and enjoined from directly or indirectly disclosing, using or benefitting from any information relating to any consumer that Hutton or the Debt Resolve Defendants obtained prior to entry of this Order, including the name, address, telephone number, email address, social security number, FSA ID, or other identifying

11

information, or any data that enables access to a consumer's account (including a student loan account, credit card, bank account, or other financial account).

## VI. Statutory Penalties

**IT IS FURTHER ORDERED THAT**:

31. Statutory penalties in the amount of $53,040,000 are entered in favor of the NYAG against Hutton. This penalty amount shall become immediately due and payable by Hutton upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961(a), as amended, shall immediately begin to accrue on the unpaid balance.

32. Hutton shall make such payment via wire transfer. The wire transfer shall be payable to the "State of New York," reference this Order, and be addressed to the attention of Melvin L. Goldberg, Assistant Attorney General at the New York State Attorney General's Office, Bureau of Consumer Frauds and Protection, 28 Liberty Street, New York, New York 10005.

## VII. Accounting

**IT IS FURTHER ORDERED THAT:**

33. Within thirty (30) days after the Effective Date, Hutton shall provide the NYAG with records showing:

   a. the amount of revenues and payments Hutton received for providing or Assisting Other Defendants in this Action in providing Debt Relief Products or Services for 2014 - present;

   b. Hutton's expenses, including but not limited to salaries, rent, taxes, and insurance, reasonably attributable to providing or Assisting Other Defendants in this Action in providing Debt Relief Products or Services for 2014 - present;

    c. Hutton's Balance Sheets, Statements of Revenues and Expenses; and Statements of Cash Flow for 2014 - present;

    d. Hutton's federal and state tax returns for 2016 - 2019; and

    e. a document listing the names, addresses, telephone numbers, email addresses and any other contact information of each consumer who Hutton provided or Assisted Other Defendants in this Action in providing Debt Relief Products or Services for 2016 - present.

Hutton shall provide this information by email to the address listed in paragraph 38 of this Order.

34. Once the NYAG receives the information from Hutton required of it by paragraph 33, the NYAG may make a motion seeking the entry of a Money Judgment in an amount sufficient to provide consumer restitution and disgorge Hutton of all profits it obtained for providing or Assisting Other Defendants in this Action in providing Debt Relief Products or Services for 2014 - present and for such other amount as the Court deems proper in favor of the NYAG against Hutton.

**VIII. Compliance and Reporting Requirements**

**IT IS FURTHER ORDERED THAT:**

35. Hutton shall fully cooperate with the NYAG in this Action and any NYAG investigation related to this Action. Hutton shall provide information, documents, testimony, and evidence that is in its possession, custody or control reasonably requested by the NYAG.

36. Within ninety (90) days of the Effective Date, and annually for three (3) years thereafter, if Hutton conducts any consumer business in New York, Hutton shall submit one compliance report, sworn under penalty of perjury that contains the following:

    a. at least one telephone number, one email, and one physical address as points of contact, which the NYAG may use to communicate with them;

    b. names, telephone numbers, and physical, email, and Internet addresses of all businesses for which they are a majority owner, or that they directly or indirectly control;

    c. a description of the activities of each such business identified in subparagraph (b), including the products and services offered, the means of advertising, marketing, and sales, and the type of Financing offered, if any, and the involvement of any other Defendant in this Action;

    d. copies of each Order acknowledgement obtained pursuant to this Order; and

### IX. Order Distribution and Acknowledgement

**IT IS FURTHER ORDERED THAT:**

37. Within seven (7) days of the Effective Date, Hutton shall submit to the NYAG an acknowledgement of receipt of this Order, sworn under penalty of perjury. Hutton shall provide this information by email to the addresses listed in paragraph 38 of this Order.

### X. Notices

**IT IS FURTHER ORDERED THAT:**

38. Unless otherwise directed in writing by the NYAG, Hutton shall provide all submissions, requests, communications, or other documents relating to this Order in writing,

with the subject line, "New York v. Debt Resolve, Case No. 18-cv-9812" and send them by overnight courier or first-class mail, with a copy also sent by email, to the below addresses:

> New York Attorney General's Office
> Bureau of Consumer Frauds and Protection
> Attention: Melvin Goldberg, Assistant Attorney General
> 28 Liberty Street, 20th Floor
> New York, NY 10005
> Melvin.Goldberg@ag.ny.gov

or in his absence, to the person holding the title of Bureau Chief, at the Bureau of Consumer Frauds and Protection (whose identity can be obtained by calling (212) 416-8300).

### XI. Miscellaneous

**IT IS FURTHER ORDERED THAT:**

39. The facts alleged in the Complaint shall be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the NYAG to enforce this Order, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy.

40. The facts alleged in the Complaint establish all elements necessary to sustain an action by the NYAG pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order shall have collateral estoppel effect for such purposes.

41. If any clause, provision or section of this Order shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other clause, provision, or section of this Order and this Order shall be construed and enforced as if such invalid, illegal, or unenforceable clause, provision, or section had not been contained herein.

42. Nothing in this Order shall be construed to deprive any person of any private right under the law.

43. Nothing in this Order shall limit the State of New York's use of its subpoena power under New York Executive Law § 63(12) or GBL §§ 349, 458-j or shall otherwise limit the NYAG's use of any of its investigative powers or methods.

### XII. Retention of Jurisdiction

**IT IS FURTHER ORDERED THAT:**

44. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

### XIII. Service

**IT IS FURTHER ORDERED THAT:**

45. This Order may be served upon Hutton by email, certified mail, or United States mail, either by the United States Marshal, the Clerk of the Court, or any representative or agent of the State of New York.

**IT IS SO ORDERED.**

DATED this __30th__ day of __March__, ~~2020~~ 2021.

_____
**Hon. Alison J. Nathan**
**United States District Court Judge**

16